**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| JESSIE MAVERICK MINTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:12CV497 |
| | ) | |
| FRANK L. PERRY, | ) | |
| | ) | |
| Respondent.[1] | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entries 2 (petition), 3 (memorandum in support).) Petitioner pled guilty pursuant to <u>North Carolina v. Alford</u>, 400 U.S. 25 (1970), in the Superior Court of Rowan County to eight counts of discharging a firearm into occupied property, three counts of possession of a firearm by a felon, and one count each of possession with intent to sell or deliver cocaine, possession with intent to sell or deliver marijuana, maintaining a dwelling for the sale of controlled substances, driving while impaired ("DWI"), driving with license revoked, driving left of center, possession of cocaine, possession of drug paraphernalia, possession of marijuana, carrying a concealed weapon, injury to personal property, assault on a female,

---

[1] Consistent with Rule 2(a) of the Rules Governing Section 2254 Cases, the Petition in this case originally named Alvin W. Keller, Jr., then-Secretary of the North Carolina Department of Correction, as Respondent. (Docket Entry 2 at 1.) On January 1, 2012, the North Carolina Department of Correction was reorganized as the Division of Adult Correction, falling within the Department of Public Safety, and Frank L. Perry currently serves as the Secretary of Public Safety. <u>See</u> https://www.ncdps.gov (search for Frank L. Perry) (last performed October 8, 2014). By operation of Federal Rule of Civil Procedure 25(d) (applicable to this proceeding pursuant to Rule 12 of the Rules Governing Section 2254 Cases), Frank L. Perry thus now appears as Respondent.

communicating threats, assault with a deadly weapon with intent to kill, and assault with a deadly weapon inflicting serious injury. (Docket Entry 2, ¶¶ 1, 2, 4-6; see also Docket Entry 6-2 (transcript of plea).)  Pursuant to the terms of a plea bargain, Petitioner pled guilty to attaining habitual felon status, and the trial court consolidated all charges except the DWI charge into a Class C felony and sentenced Petitioner to consecutive prison terms of 110 to 141 months (habitual felon) and 24 months (DWI). (Docket Entry 2, ¶ 3; see also Docket Entry 6-3 (judgments).)  Petitioner did not appeal.

The Superior Court thereafter denied Petitioner's Motion for Appropriate Relief ("MAR") and the North Carolina Court of Appeals declined review. (Docket Entry 2, ¶¶ 10, 11; see also Docket Entry 6-6 (MAR filed by Petitioner); Docket Entry 6-7 (order denying MAR); Docket Entry 6-8 (certiorari petition filed by Petitioner); Docket Entry 6-10 (order denying certiorari).)  He then instituted this action.  (Docket Entry 2.)  Respondent answered (Docket Entry 6), moved for summary judgment (Docket Entry 7), and filed a motion and memorandum in support for leave to expand the record to include an affidavit from Petitioner's trial counsel (Docket Entries 10, 11).  Petitioner responded in opposition to Respondent's summary judgment motion (Docket Entry 13) and submitted a document entitled "Order Allowing Motion to Expand the Record to Include Defense Counsel's Affidavit" (Docket Entry 14).  The Parties consented to the disposition of this case by a United States Magistrate Judge.

(Docket Entry 15.)  For the reasons that follow, the Court will deny any habeas relief.

## I. PETITIONER'S CLAIMS

The Petition identifies six separate grounds for relief. (Docket Entry 2, ¶ 12 and continuation pages 27-35.)  Petitioner alleges that (1) the "habitual felon indictment is defective" in violation of the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution because "the prosecutor's exercise of discretion . . . to apply the Habitual Felon Act exceeded . . . [his] authority" under "Article IV, Section 18" of the North Carolina Constitution (id. at 16, 29); (2) Petitioner's guilty plea "was involuntary" in violation of the Fourteenth Amendment because the trial court did not sentence him in accordance with the plea agreement and his counsel did not appeal or inform Petitioner of his statutory right to appeal or to withdraw the plea (id. at 17, 31); (3) Petitioner suffered ineffective assistance of trial counsel at sentencing because Petitioner did not receive the sentence for which he plea-bargained (id. at 19, 32); (4) the trial court violated the Equal Protection Clause of the Fourteenth Amendment by failing to retroactively apply the Justice Reinvestment Act of 2011 to Petitioner's sentence (id. at 21, 33); (5) the trial court "committed constitutional error by imposing consecutive sentences and sentencing Petitioner out of the mitigat[ed] range" in violation of the Fourteenth Amendment (id. at 27; see also id. at 34); and (6) the MAR court "failed to apply the standards of review [in] violation of Due Process of Law" and

"wrongfully determined that Petitioner's MAR was without merit and denied an evidentiary hearing" (id. at 28, 35).

## II. HABEAS STANDARDS

The Court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Further, "[b]efore [the] [C]ourt may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to [this] [C]ourt in a habeas petition. The exhaustion doctrine . . . is now codified at 28 U.S.C. § 2254(b)(1)." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); see also 28 U.S.C. § 2254(b)(3) ("A State shall not be deemed to have waived the exhaustion requirement . . . unless the State, through counsel, expressly waives the requirement.").

When a petitioner has exhausted state remedies, this Court must apply a highly deferential standard of review in connection with habeas claims "adjudicated on the merits in State court proceedings," 28 U.S.C. § 2254(d). More specifically, the Court may not grant relief unless a state court decision on the merits "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or . . . was based on an unreasonable determination of the facts in light of the evidence presented in

the State court proceeding." Id. To qualify as "contrary to" United States Supreme Court precedent, a state court decision either must arrive at "a conclusion opposite to that reached by [the United States Supreme] Court on a question of law" or "confront[] facts that are materially indistinguishable from a relevant [United States] Supreme Court precedent and arrive[] at a result opposite" to the United States Supreme Court. Williams v. Taylor, 529 U.S. 362, 406 (2000). A state court decision "involves an unreasonable application" of United States Supreme Court case law "if the state court identifies the correct governing legal rule from [the United States Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407; see also id. at 409–11 (explaining that "unreasonable" does not mean merely "incorrect" or "erroneous"). Finally, this Court must presume state court findings of fact correct unless clear and convincing evidence rebuts them. 28 U.S.C. § 2254(e)(1).

### III. DISCUSSION

**A. Habitual Felon Indictment**

In his first ground for relief, Petitioner asserts that the prosecutor exceeded his authority under Article IV, Section 18 of the North Carolina Constitution by charging Petitioner as an habitual felon, rendering the habitual felon "indictment" defective. (Docket Entry 2 at 29.)[2] Petitioner contends that

---

[2] Petitioner was charged as an habitual felon through an information rather than an indictment. (See Docket Entry 8-5 at 2-3.) Petitioner signed the information on the day he pled guilty (March 31, 2011), and expressly "waive[d] the finding and return of a Bill of Indictment . . . ." (Id. at 3.)

-5-

Article IV, Section 18 limits district attorneys to the prosecution of <u>crimes</u>, and that prosecutors lacked the authority to charge individuals with habitual felon <u>status</u> until the effective date of the applicable portion of the Justice Reinvestment Act on December 1, 2011. (<u>Id.</u> at 29-30.) Additionally, Petitioner maintains that "unequal and arbitrary application of the Habitual Felon Act (1967) in Rowan County, North Carolina, violates the right to equal protection of law and to be free from arbitrary punishment secured by the 8th and 14th Amendments of the [United States] Const[itution]." (Docket Entry 13 at 4.)[3] According to Petitioner, "[t]he validity of an indictment can be challenged at any time through collateral attacks and <u>cannot</u> be waived by a plea of guilty," although Petitioner cites no authority for that proposition. (<u>Id.</u> at 30 (emphasis in original).) Those arguments provide no basis for habeas relief.

To the extent that Petitioner's first ground for relief relies upon an alleged violation of Article IV, Section 18 of the North

---

[3] Petitioner asserts that, in his "collateral attacks, he has shown and proven disparate treatment by pointing [to] other similar[ly] situated individuals in Rowan County from 2008, 2009 and 2010 who were not indicted, and the ones indicted were not prosecuted." (Docket Entry 13 at 7.) However, Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts "explicitly requires that a petitioner summarize the facts supporting each of the alleged grounds for relief." <u>Adams v. Armontrout</u>, 897 F.2d 332, 333 (8th Cir. 1990). Thus, a habeas petitioner who generally references allegations raised in other case records and briefs "patently fail[s] to comply with Rule 2(c)." <u>Id.</u> Federal courts need not "sift through voluminous documents filed by habeas corpus petitioners in order to divine the grounds or facts which allegedly warrant relief." <u>Id.</u> (citing <u>Williams v. Kullman</u>, 722 F.2d 1048, 1051 (2d Cir. 1983)). The particularized facts which entitle a petitioner to habeas relief "must consist of sufficient detail to enable the court to determine, <u>from the face of the petition alone</u>, whether the petition merits further habeas corpus review." <u>Id.</u> at 334 (emphasis added). The Court will conduct its review accordingly.

Carolina Constitution, such a claim is simply not cognizable on federal habeas review. See 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."); see also Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We have stated many times that 'federal habeas corpus does not lie for errors of state law.'" (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990))).[4]

The portion of Petitioner's first claim grounded on purported violations of the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution similarly fails as conclusory and unsupported, Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) (recognizing that "[u]nsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing"), abrogated on other grounds by, Gray v. Netherland, 518 U.S. 152, 165-66 (1996). Petitioner has provided no evidence, beyond his own unsupported allegations, of "unequal and arbitrary application of the Habitual Felon Act (1967) in Rowan County, North Carolina"

---

[4] Petitioner's first ground for relief lacks merit in any event. North Carolina's Habitual Felon Act, provides, in pertinent part, that "[a]ny person who has been convicted of or pled guilty to three felony offenses in any federal court or state court in the United States or combination thereof is declared to be an habitual felon and may be charged as a status offender pursuant to this Article," N.C. Gen. Stat. § 14-7.1. Although the Justice Reinvestment Act of 2011 did add the underlined language, see id. Historical and Statutory Notes, Petitioner incorrectly concludes that district attorneys lacked the authority to prosecute habitual felon status prior to the 2011 amendment (Docket Entry 2 at 30). North Carolina case law predating this amendment by over a decade belies Petitioner's position. See, e.g., State v. Patton, 342 N.C. 633, 635, 466 S.E.2d 708, 710 (1996) (affirming sentence enhanced by habitual felon status and explicitly recognizing that "[b]eing an habitual felon is not a crime but rather a status . . .").

(Docket Entry 13 at 4), and has thus fallen far short of his obligation to provide "clear evidence" of selective or vindictive prosecution. United States v. Armstrong, 517 U.S. 456, 465 (1996) ("[T]o dispel the presumption that a prosecutor has not violated equal protection, a criminal defendant must present clear evidence to the contrary.")  Petitioner's claim fails as a matter of law.

**B.   Voluntariness of Guilty Plea**

Petitioner next challenges his guilty plea on the ground that the trial court did not honor the plea arrangement and sentence Petitioner in the mitigated range to 66 months' imprisonment. (Docket Entry 2 at 30-31; see also Docket Entry 13 at 11-12.) According to Petitioner, he "signed a plea agreement where [he] was to be sentenced [in] the mitigat[ed] range with less than 10 [prior record] points for sentencing purposes due to his participation and cooperation in the investigation of another criminal prosecution pertaining to the sheriff of Rowan County."  (Docket Entry 2 at 31.)  Although Petitioner concedes the plea arrangement he signed did not contain an express agreement that he receive a 66-month, mitigated sentence (see Docket Entry 13 at 11, 12), he nonetheless urges that the arrangement's lack of a specific sentence amounts to an "ambiguity" that should be construed in his favor (id. at 12). Further, Petitioner alleges that his trial counsel "failed to appeal the sentence imposed by the court, nor did [counsel] inform[] [] Petitioner of his statutory right to appeal or withdraw

[the] plea." (Docket Entry 2 at 31.)[5]  Petitioner's claim lacks merit.

"[R]epresentations of the defendant, his lawyer, and the prosecutor at . . . a [plea] hearing as well as any findings made by the judge accepting the plea constitute a formidable barrier in subsequent collateral proceedings."  Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).  A petitioner challenging his plea "necessarily . . . assert[s] that not only his own transcribed responses, but [also] those given by two lawyers, were untruthful . . . ."  Id. at 80 n.19.  "In the absence of clear and convincing evidence to the contrary, [a petitioner] must be bound by what he said at the time of the plea."  Little v. Allsbrook, 731 F.2d 238, 239 n.2 (4th Cir. 1984).

Here, Petitioner's claim that the trial court refused to honor his plea arrangement contradicts Petitioner's sworn declarations on the transcript of plea form.  (Docket Entry 8-2.)  Most significantly, Petitioner represented to the trial court that he, his trial counsel and the prosecutor had agreed on the following plea arrangement:

> All the matters, except 09 CRS 55476 [driving while impaired], will be consolidated for sentencing and the defendant shall plead to Habitual Felon pursuant to a Bill of Information.  All matters, except 09 CRS 55476,

---

[5] Petitioner additionally claims that the trial court failed to inform him of the mandatory minimum sentence for his crimes in violation of Rule 11(b)(1) of the Federal Rules of Criminal Procedure.  (Docket Entry 13 at 11.)  As an initial matter, the Federal Rules of Criminal Procedure do not govern the conduct of a state trial court in a criminal matter. Further, although N.C. Gen. Stat. § 15A-1022(a)(6), which governs state court plea proceedings, required the trial court to inform Petitioner of the <u>maximum</u> sentences that correlate to his crimes, as well as any <u>mandatory</u> minimum sentences, the record reflects that the trial court fulfilled this obligation (Docket Entry 8-2 at 3).

-9-

> will be consolidated into 10 CRS 57961 [discharging a weapon into occupied property] for sentencing as Habitual status.

(Id. at 4.) In that regard, Petitioner swore that the above-quoted plea arrangement constituted the <u>full and correct agreement</u>, that no one promised him anything or threatened him in any way to cause him to enter the plea against his wishes, and that he entered the plea of his own free will, fully understanding his actions. (Id. (emphasis added).)

Petitioner further indicated that he did not have any questions about the plea colloquy or about anything else connected to his case. (Id.) Petitioner's trial counsel and the prosecutor each certified that Petitioner had agreed to the plea agreement as above-described. (Id.) The record reflects the trial court then sentenced Petitioner in accordance with this plea arrangement. (Docket Entry 2, ¶ 3; see also Docket Entry 6-3 (judgments).) Accordingly, Petitioner's conclusory and unsupported assertion that the plea arrangement he signed <u>implicitly</u> guaranteed him a 66-month sentence in the mitigated range with fewer than 10 prior record points falls far short of the "clear and convincing evidence" necessary for this Court to disregard his sworn and unambiguous statements, and those of his counsel and the prosecutor, to the contrary at the plea hearing. Allsbrook, 731 F.2d at 239 n.2. This ground warrants no habeas relief.[6]

---

[6] Petitioner's allegations that his trial counsel "failed to appeal the sentence imposed by the court" and failed to inform Petitioner "of his statutory right to appeal or withdraw [the] plea" (Docket Entry 2 at 31), address matters occurring after Petitioner offered his Alford plea to the trial court. Thus,
(continued...)

**C. Ineffective Assistance of Trial Counsel**

In support of this claim, Petitioner first states that he "incorporates" into his instant Petition the ineffective assistance allegations he raised in his "collateral attacks . . . as a reference in their entirety." (Docket Entry 2 at 31.) However, Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts "explicitly requires that a petitioner summarize the facts supporting each of the alleged grounds for relief." Adams v. Armontrout, 897 F.2d 332, 333 (8th Cir. 1990). Thus, a habeas petitioner who generally references allegations raised in other case records and briefs "patently fail[s] to comply with Rule 2(c)." Id. Federal courts need not "sift through voluminous documents filed by habeas corpus petitioners in order to divine the grounds or facts which allegedly warrant relief." Id. (citing Williams v. Kullman, 722 F.2d 1048, 1051 (2d Cir. 1983)). The particularized facts which entitle a petitioner to habeas relief "must consist of sufficient detail to enable the court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review." Id. at 334. The Court will review the instant claim consistently with Rule 2(c).

As discussed above, Petitioner did raise certain allegations which address the effectiveness of his trial counsel in his second ground for relief which the Court will now consider. He alleges

---

[6](...continued)
such matters do not impact the voluntariness of Petitioner's plea, but rather, address the effectiveness of Petitioner's trial counsel. As such, the Court will discuss said allegations in the context of Petitioner's third ground for relief, which alleges ineffective assistance of trial counsel.

that his trial counsel "failed to appeal the sentence imposed by the court" and failed to inform Petitioner "of his statutory right to appeal or withdraw [the] plea." (Docket Entry 2 at 31.) In addition, Petitioner contends that his trial counsel failed to ensure Petitioner received a 66-month sentence at "the bottom of the mitigated range" to run concurrently with his DWI sentence. (Id. at 32.) Petitioner claims prejudice from his counsel's failing, because he asserts that "an objectively reasonable person in his shoes would not have pled guilty and would have insisted on going to trial, absent the alleged [professional] dereliction." (Id.) Petitioner's arguments provide no basis for habeas relief.

In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that prejudice resulted. See Strickland v. Washington, 466 U.S. 668, 687-94 (1984). To demonstrate prejudice in the context of a guilty plea, Petitioner must show a reasonable probability that but for counsel's allegedly deficient conduct, he would not have pled guilty but would have gone to trial. See Hill v. Lockhart, 474 U.S. 52, 58-59 (1985); Meyer v. Branker, 506 F.3d 358, 369 (4th Cir 2007). Petitioner cannot make this showing.

Petitioner's claim that his trial counsel failed to appeal Petitioner's sentence and failed to advise Petitioner of his "statutory right to appeal" depends on the erroneous assumption that Petitioner actually possessed a right to appeal in the circumstances of his guilty plea. North Carolina precedent belies

Petitioner's position. In North Carolina, defendants who plead guilty have very limited grounds on which they can appeal:

> 1. Whether the sentence "is supported by the evidence." This issue is appealable only if [the defendant's] minimum term of imprisonment does not fall within the presumptive range. N.C. Gen. Stat. § 15A-1444(a1) (2001);
>
> 2. Whether the sentence "[r]esults from an incorrect finding of the defendant's prior record level under G.S. 15A-1340.14 or the defendant's prior conviction level under G.S. 15A-1340.21." N.C. Gen. Stat. § 15A-1444(a2)(1) (2001);
>
> 3. Whether the sentence "[c]ontains a type of sentence disposition that is not authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23 for the defendant's class of offense and prior record or conviction level." N.C. Gen. Stat. § 15A-1444(a2)(2) (2001);
>
> 4. Whether the sentence "[c]ontains a term of imprisonment that is for a duration not authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23 for the defendant's class of offense and prior record or conviction level." N.C. Gen. Stat. § 15A-1444(a2)(3) (2001);
>
> 5. Whether the trial court improperly denied defendant's motion to suppress. N.C. Gen. Stat. §§ 15A-979(b)(2001), 15A-1444(e) (2001);
>
> 6. Whether the trial court improperly denied defendant's motion to withdraw his guilty plea. N.C. Gen. Stat. § 15A-1444(e).

State v. Smith, 193 N.C. App. 739, 741-42, 668 S.E.2d 612, 613-14 (2008) (citing State v. Jamerson, 161 N.C. App. 527, 528-29, 588 S.E.2d 545, 546-47 (2003)); see also N.C. Gen. Stat. §§ 15A-979(b) & 15A-1444.

Here, Petitioner received a sentence of 110 to 141 months, which falls within the presumptive range of sentences for a Class C felony (habitual felon) with a prior record level of four. See N.C. Gen. Stat. § 15A-1340.17(c), (e) (2009). Thus, Petitioner

could not appeal on the ground that his sentence "is [not] supported by the evidence" or "[c]ontains a term of imprisonment that is . . . not authorized . . . for the defendant's class of offense and prior record . . . level."  N.C. Gen. Stat. § 15A-1444(a1), (a2)(3).  Moreover, Petitioner has not alleged or otherwise shown that any of the other enumerated grounds existed and thus he had no right to appeal.  Where Petitioner lacked a right to appeal, his trial counsel could not have rendered ineffective assistance by failing to file a futile appeal or to advise Petitioner of his right to do so.

Petitioner's assertion that his trial counsel supplied deficient performance by failing to advise petitioner of his right to withdraw his guilty plea and failing to ensure a concurrent, 66-month sentence similarly fails.  Under North Carolina law, a trial court must advise a defendant of his or her right to withdraw a guilty plea when the trial court hands down a sentence which differs from the plea arrangement.  See N.C. Gen. Stat. § 15A-1024.[7]  However, as discussed above, the trial court here issued a sentence in compliance with Petitioner's plea arrangement.  (See Docket Entries 8-2, 8-3.)  Moreover, as already found, the transcript of plea establishes the voluntary, knowing and counseled nature of Petitioner's guilty plea, and Petitioner has failed to

---

[7] Section 15A-1024 mandates that, "[i]f at the time of sentencing, the judge for any reason determines to impose a sentence other than provided for in a plea arrangement between the parties, the judge must inform the defendant of that fact and inform the defendant that he may withdraw his plea."  In addition, upon withdrawal of the plea, Section 15A-1024 requires the judge to continue the case "until the next session of court."

-14-

provide the Court with clear and convincing evidence to overcome his sworn statements during the plea hearing.

Accordingly, Petitioner possessed no grounds to withdraw his plea and counsel could not have performed ineffectively by failing to advise Petitioner of a right he did not possess. Similarly, Petitioner has provided no evidence, beyond his own unsupported allegations, that a plea arrangement different from that reflected on the transcript of plea form existed and, therefore, has not shown any professional failing by trial counsel arising from Petitioner not receiving a 66-month, concurrent sentence. This claim provides no basis for habeas relief.[8]

**D.  Retroactivity of the Justice Reinvestment Act of 2011**

In his fourth ground for relief, Petitioner contends that the trial court should have retroactively applied N.C. Gen. Stat. § 15A-1340.18 (part of the Justice Reinvestment Act of 2011) in determining his sentences, and that the trial court's failure to do so violated the Equal Protection Clause of the Fourteenth Amendment. (Docket Entry 2 at 33.) According to Petitioner, Section 15A-1340.18 "allows advanced supervised release effective 1 January 2012," and because "the Equal Protection Clause demands equal treatment for all petitioners, regardless of when they were sentenced," Section 15A-1340.18 should apply to him, despite his

---

[8] The Court reaches this conclusion without consideration of the Affidavit of Thomas Gregory Jones (Docket Entry 11-1), Petitioner's trial counsel, attached to Respondent's brief (Docket Entry 11) supporting his motion to expand the record (Docket Entry 10). As a result, the Court will deny that Motion as moot.

March 31, 2011 convictions. (Id.)[9] Petitioner's argument fails for two reasons.

First, the language of the Justice Reinvestment Act of 2011 belies Petitioner's retroactivity argument. The provisions of Section 15A-1340.18 do not apply to individuals who pled guilty prior to January 1, 2012: "This section becomes effective January 1, 2012, and applies to persons entering a plea or who are found guilty of an offense on or after that date." Justice Reinvestment Act of 2011, 2011 N.C. Sess. Laws ch. 192, § 5(e) (emphasis added). Further, the North Carolina legislature made clear that courts should not apply the Justice Reinvestment Act of 2011 retroactively: "Except as otherwise provided in this act, this act is effective when it becomes law. Prosecutions for offenses committed before the effective date of this act are not abated or affected by this act, and the statutes that would be applicable but for this act remain applicable to those prosecutions." Id., § 10. Thus, by its very terms, Section 15A-1340.18 does not apply to Petitioner, who pled guilty on March 31, 2011, nine months before the statute's effective date. See Smith v. Shanahan, ___ F. Supp. 2d ___, ___, 2014 WL 575723, at *4 (M.D.N.C. Feb. 11, 2014)(Osteen, J. adopting rec. of Webster, M.J.) ("[C]ourts generally presume that 'legislation, especially of the criminal sort, is not to be

---

[9] Again, in support of his fourth ground for relief, Petitioner attempts to incorporate by reference additional arguments he made in his MAR. (Docket Entry 2 at 33.) The Court, as discussed above, will not consider such arguments in determining the merits of his instant ground for relief. Rule 2(c), Rules Gov'g Sect. 2254 Cases in the United States Dist. Courts; Adams, 897 F.2d at 333.

-16-

applied retroactively' unless the legislature clearly requires otherwise. Johnson v. United States, 529 U.S. 694, 701 (2000). A habeas petitioner has no federal constitutional right to retroactive application of more lenient state sentencing laws where the state legislature or the state courts have indicated that the laws are only to be applied prospectively."); see also State v. Whitehead, 365 N.C. 444, 447, 722 S.E.2d 492, 495 (2012) (by providing that Structured Sentencing Act applies only to offenses occurring on or after its effective date, North Carolina General Assembly "clearly and unambiguously provided the [Act] may not be applied retroactively").

Second, the Equal Protection Clause does not prohibit the legislature from prospectively reducing the penalty for a crime, even if defendants sentenced for the crime prior to the effective date of the change would serve a longer term of imprisonment than defendants sentenced thereafter. See Foster v. Washington State Bd. of Prison Terms & Paroles, 878 F.2d 1233, 1235 (9th Cir. 1989) ("There is no denial of equal protection in having persons sentenced under one system for crimes committed before July 1, 1984 and another class of prisoners sentenced under a different system. The standard is of a rational relation to governmental purpose."); Frazier v. Manson, 703 F.2d 30, 35-36 (2d Cir. 1983) (finding no Equal Protection violation where legislature had rational basis for applying enlargement of good time credits prospectively); see also Hunt v. Nuth, 57 F.3d 1327, 1335-36 (4th Cir. 1995) (upholding under Equal Protection Clause prospective application of Maryland

law adding life without parole sentence because legislature had rational basis for such application). The North Carolina legislature's passage of the Justice Reinvestment Act of 2011 to better its sentencing laws constitutes a rational governmental purpose. See Foster, 878 F.2d at 1235 ("Improvement in sentencing is a rational governmental purpose."). As such, no Equal Protection violation occurs with prospective application of Section 15A-1340.18.

Consequently, this claim does not warrant federal habeas corpus relief.

**E.   Trial Court Sentencing Error**

Petitioner contends in his fifth ground for relief that the trial court erred at sentencing by failing to consider "at least eight mitigating factors which clearly outweighed any aggravating factors" in violation of N.C. Gen. Stat. § 15A-1340.16. (Docket Entry 2 at 34.) Further, Petitioner asserts that "the trial court abused its discretion by imposing a consecutive sentence on the DWI conviction when Petitioner clearly understood that" the sentences would "run concurrently." (Id.) Petitioner reiterates his allegation that he "was promised [a sentence] at the bottom of the mitigated range in exchange [for] cooperation [in] a pending criminal investigation against the Rowan County[] sheriff . . . ." (Id.)[10] However, the instant claim relies upon an alleged violation

---

[10] Once again, Petitioner attempts to incorporate by reference additional arguments he made in his MAR. (Docket Entry 2 at 34.) The Court, as discussed above, will not consider such arguments in determining the merits of his instant ground for relief. Rule 2(c), Rules Gov'g Sect. 2254 Cases in the United States
(continued...)

of a North Carolina statute, N.C. Gen. Stat. § 15A-1340.16, and makes no colorable reference to a violation of the United States Constitution. As such, Petitioner's fifth claim is simply not cognizable on federal habeas review. See 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."); see also Estelle, 502 U.S. at 67 ("We have stated many times that 'federal habeas corpus does not lie for errors of state law.'" (quoting Lewis, 497 U.S. at 780)).

**F. MAR Court Error**

Finally, Petitioner maintains that the trial court which ruled on his MAR "wrongfully determined that [his] MAR was without merit and denied an evidentiary hearing when [he] presented questions of law or fact as provided by the U.S. Constitution" in violation of N.C. Gen. Stat. § 15A-1420(c)(1). (Docket Entry 2 at 35.)[11] Petitioner's contention fails, because "[c]laims of error occurring in a state post conviction proceeding cannot serve as a basis of federal habeas corpus relief." Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988); accord Lawrence v. Branker, 517 F.3d 700, 717

---

[10](...continued)
Dist. Courts; Adams, 897 F.2d at 333.

[11] As discussed above, the Court will not consider arguments Petitioner attempts to incorporate by reference from his MAR in determining the merits of his instant ground for relief. Rule 2(c), Rules Gov'g Sect. 2254 Cases in the United States Dist. Courts; Adams, 897 F.2d at 333.

(4th Cir. 2008); Wright v. Angelone, 151 F.3d 151, 159 (4th Cir. 1998).

### V. CONCLUSION

Petitioner's habeas claims all fail as a matter of law.

**IT IS THEREFORE ORDERED** that Respondent's Motion for Summary Judgment (Docket Entry 7) be **GRANTED,** that Respondent's Motion to Expand the Record to Include Defense Counsel's Affidavit (Docket Entry 10) be **DENIED AS MOOT,** that the Petition (Docket Entry 2) be **DENIED,** and that Judgment be entered **DISMISSING** this action without issuance of a certificate of appealability.

/s/ L. Patrick Auld
**L. Patrick Auld
United States Magistrate Judge**

November 4, 2014